UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY APP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8717** |
| **ZURICH ASSURANCE COMPANY OF AMERICA** | **SECTION B(4)** |

### ORDER AND REASONS

Before the Court is Defendant Assurance Company of America's ("ACA") Motion for Summary Judgment. (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED in part and DENIED in part.**

**IT IS ORDERED** that Defendant's Motion is **GRANTED** with respect to upholding market loss exclusion and **DENIED** on the remaining claims.

### *BACKGROUND*

Plaintiff's property at 1106 Treme Street in New Orleans, Louisiana was insured by Defendant under a Builder's Risk policy. On August 29, 2005, the property was damaged as a result of Hurricane Katrina. Defendant ACA adjusted the claim and issued a payment of $55,767 in May of 2007. Plaintiff contests whether that payment was timely, whether it sufficiently covered the damage to Plaintiff's property, and whether ACA acted in good faith while responding to Plaintiff's claim.

1

The first inspection of Plaintiff's property was made on October 26, 2005, and indicated that the amount of damage was $18,995.56. Plaintiff claims that he did not receive a copy of this report. ACA sent another adjuster to the property, and a report was issued on January 18, 2007, indicating that the company owed nothing in damages. The report stated that the estimated total was $10,495.87, but that same total was deducted in the calculation, labeled "less excess," and the net claim total was $0.00.

Plaintiff then hired an estimator, James Conn, who states in his affidavit that the damage to the property as of March 14, 2007, was $61,290.93. Following Mr. Conn's initial inspection, ACA sent a third adjuster to the property on March 26, 2007. That estimate was for a total of $56,767.54, and ACA tendered a payment of $55,767.54 in May of 2007.

Mr. Conn reinspected the property on November 6, 2007, once the walls had been removed, and estimated that an additional $70,102.31 was necessary to repair the property, bringing his total estimate to $131,393.24.

Plaintiff has received only the May 2007 payment of $55,767.54, and Defendant ACA claims no further liability for any of Plaintiff's claims.

ACA claims it is entitled to summary judgment because no genuine issue of material fact exists and because the Louisiana Valued Policy Law does not apply to builder's risk policies, such

as the policy ACA issued to Plaintiff. In Plaintiff's memorandum in opposition, he concedes that the Valued Policy Law is not applicable.

Thus, in ACA's reply memorandum, the company re-focuses the motion on its contention that Plaintiff is not entitled to extra contractual damages pursuant to La. R.S. §§ 22:658 and 22:1220. ACA argues that it has asserted ample evidence to show that it reasonably adjusted and paid Plaintiff's claim. ACA also argues that any delay in payment was due to "extensive coverage issues surrounding Plaintiff's claim," and thus was not arbitrary and capricious. (Rec. Doc. No. 15 at 1).

Finally, ACA argues that Plaintiff's claim for damages due to Defendant ACA's delay causing lost profits leading to missed mortgage payments and eventual repossession of the property are specifically excluded under the policy. Therefore, Defendant ACA argues that there is no genuine issue of material fact as to its liability for any additional damages and that it has already paid the amount of damages caused by the perils covered by the policy.

Plaintiff concedes that the Valued Policy Law does not apply to his policy. However, Plaintiff asserts that ACA failed to fully compensate him for the damage to his property and that ACA's eventual payments were untimely. According to Plaintiff, the eventual payment came with no explanation as to the delay. Plaintiff argues that because ACA adjusted his claim in an untimely fashion and with bad faith, he is entitled to extra contractual

3

damages as established in La. R.S. §§ 22:658 and 22:1220.

Plaintiff argues that summary judgment is inappropriate because genuine issues of material fact exist. The parties dispute the scope and cost of the damage to the insured property. The parties also dispute the facts surrounding ACA's adjustment of Plaintiff's claim. Plaintiff urges that these issues of fact should preclude summary judgment.

In response to Defendant ACA's contention that loss due to delay and loss of market use are excluded under the policy, and thus exclude liability for extra contractual damages, Plaintiff argues that such an exclusion is invalid and against public policy. Plaintiff relies on La. Civ. Code Art. 7, which forbids derogation by juridical act from laws enacted for the public interest. Plaintiff reasons that if a jury determines that he suffered extra-contractual damages as a result of the delay, Defendant ACA will be liable for those damages pursuant to §§ 22:658 and 22:1220. Plaintiff asserts that Defendant cannot contract out of liability under these acts.

## *DISCUSSION*

**I. Standard of Review for Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment may be made

"against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must show the absence of a genuine issue of material fact by "pointing out to the district court . . . an absence of evidence to support the nonmoving party's case." *Id.* at 323, 325. The burden then shifts to the non movant to raise a genuine factual issue. If, "after the non movant is given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News*, 209 F.3d 419,424 (5th Cir. 2000)(*citing Celotex Corp.*, 477 U.S. at 322).

In order to overcome summary judgment, the party alleging the disputed fact need not show that the fact would be resolved in his favor at trial. Rather, "all that is required is that sufficient evidence" of the disputed fact be shown such that a jury or judge must resolve the dispute over the truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In *Anderson*, the Supreme Court referenced *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), emphasizing that "the availability of summary judgment turned on whether a proper jury question was presented." *Id.* The Court also made clear that at the summary judgment stage, it is not the district judge's function to weigh the evidence as he would at trial, but rather to determine if there is a material fact

warranting trial. *Id.* Thus, the Court held that the essence of a summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that a party can prevail as a matter of law." *Id.* at 251-252.

In granting summary judgment, a "scintilla of evidence" in favor of the non movant is not sufficient. There must be evidence such that a reasonable juror could find for the non movant. *Id.* at 252. Evidence is to be viewed in the light most favorable to the non movant, and the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). "Credibility determinations, the weighing of evidence," and drawing conclusions from facts "are jury functions." *Anderson*, 477 U.S. at 255.

A. Amount of Covered Loss

In the present case, the first issue presented is whether Plaintiff has been adequately compensated for the damage to his insured property. Defendant ACA argues that it fairly adjusted Plaintiff's claim and paid the full amount of damages, $55,767.54. Defendant ACA's first adjustor estimated an amount of roughly $18,000 in damages. The second adjuster estimated no damages. ACA's third and final adjustor's recommendation in the March 2007 report was $56,767.54. Plaintiff has submitted estimates and an affidavit from his expert stating that the damages actually total $131,393.24 because an additional $70,102.31 in damages was

discovered upon a second inspection.

These discrepancies in the total amount of damages owed under the policy make the issue improper for summary judgment. In order to determine whether Plaintiff has been fully compensated, this Court would be forced to weigh the evidence and make a credibility determination as to which adjustor properly valued the damages. Such determinations are proper for the fact finder at trial, and as such summary judgment should be denied.

B. Extra Contractual Damages

ACA urges summary judgment on the grounds that no issue of material fact exists as to ACA's liability for extra contractual damages. Specifically, ACA contends that there is no evidence to show that it acted in bad faith in adjusting Plaintiff's claim.

The summary judgment standard requires more than an allegation of some alleged factual dispute. The requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248. Substantive law determines which facts are material. *Id.* Disputed facts are material only if they may affect the outcome of the case. *Id.*

Plaintiff claims that he is entitled to damages pursuant to La. R.S. §§ 22:658 and 22:1220. Plaintiff therefore bears the burden of proof to show "(I) that the insurer received a satisfactory proof of the loss, (ii) that the insurer failed to pay the claim within the statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." *Boudreaux v. State*

*Farm Mut. Auto Ins. Co.*, 896 So. 2d 230, 233 (La. App. 4 Cir. 2005).

Satisfactory proof of loss is flexible. *Austin v. Parker*, 672 F.2d 508, 520 (5th Cir. 1982). An insured's tendering of proof of loss to the insurer triggers the running of the statutory time period. *Boudreaux,* 896 So. 2d at 234. Furthermore, the insurer need only receive enough information to act. *Austin*, 672 F.2d at 520.

In the present case, Plaintiff makes no allegation as to when he alerted ACA of the loss; rather, he simply claims that it was timely. Defendant ACA has attached a screen capture of Plaintiff's claim summary as Exhibit D to its Motion for Summary Judgment. The claim file indicates that the Setup Date for the claim was September 7, 2005; this implies that ACA received notice of Plaintiff's loss on or before this date, approximately nine days after the hurricane damaged the property. Defendant sent an adjuster to Plaintiff's property on October 26, 2005. Under La. R.S. § 22:658(3), an insurer must initiate loss adjustment for a catastrophic loss within thirty days of receiving notice. Neither party has concretely established the date on which the statutory time period began to run.

La. R.S. § 22:658(4) requires the insurer to make a written settlement offer within thirty days of satisfactory proof of loss. The insurer is then given thirty days after written proof is established to make the payment. Failure to do so allows the

insured to recover penalties provided by La. R.S. § 22:1220 when such failure is arbitrary and capricious; § 1220 allows a statutory period of sixty days. However, when "there is a reasonable and legitimate question as to the extent and causation of the claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits." *Boudreaux*, 896 So.2d at 234 (*citing Reed v. State Farm Mut. Auto Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003)). There is no question that Defendant ACA failed to pay within the applicable time limit, having issued the check in May 2007 when the initial inspection took place in October 2005.

Thus, the Court must next consider whether the failure was arbitrary, capricious, and without probable cause. Both §§ 22:658 and 22:1220 "are penal in nature, and [therefore] must be strictly construed." *Crescent City Baptist Church, et al. v. Church Mut. Ins. Co.*, No. 05-2200, 2006 WL 2631862, at *2 (E.D. La. Sept. 13, 2006). The statutes "cannot be invoked when an insurer has a reasonable basis for denying coverage." *Id.*

ACA claims that the delay in payment was due to a legitimate question about Plaintiff's coverage. Plaintiff argues that ACA's actions were arbitrary, capricious, and without probable cause. Whether an action is arbitrary, capricious, and without probable cause is determined in light of the facts of the case. *Id.* at *1. "[T]he threshold issue is whether the insurer acted reasonably in failing to timely pay the claim once the insurer had adequate knowledge of the loss." *Id.* at *2.

9

Plaintiff and Defendant ACA have submitted conflicting evidence as to how the claim was handled. ACA asserts that extensive coverage issues caused the delayed payment to Plaintiff, yet offers no evidence or explanation of what those issues were or how and when they were resolved. ACA submits into evidence only a copy of the third inspection made on Plaintiff's property, conducted on March 26, 2007. Plaintiff, on the other hand submits three reports made by ACA's investigators over the time period with conflicting estimates. Plaintiff also submits an estimate made by his own adjustor, which states that additional damages exist for which Plaintiff has not been compensated. Determining whether ACA acted in good faith would again require the Court to weigh the evidence and determine the credibility of the various adjusters and time lines presented. Therefore, summary judgment on this issue is inappropriate.

C. Damages for Lost Rentals

Finally, Defendant ACA urges the Court to issue summary judgment excluding damages for the lost rental income that led to foreclosure on Plaintiff's property. Plaintiff and Defendant ACA do not disagree over the fact that Plaintiff's property was unrentable and eventually repossessed. Rather, the crux of this argument is whether the insurance policy issued by ACA effectively excluded lost income as a source of damages.

While the preceding arguments involve issues of material fact and are therefore inappropriate for summary judgment, the Court may

10

rule on this contractual issue on summary judgment. Under Fed. R. Civ. P. 56, "summary judgment is appropriate where the facts are not in dispute and the issue before the court poses purely a legal question." *Diversified Group Inc. v. Van Tassel*, 806 F.2d 1275, 1277 (5th Cir. 1987). Under Louisiana law, "[i]nterpretation of an insurance contract generally involves a question of law." *In re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). The scope of an insurance policy exclusion is likewise a question appropriate for summary judgment. *Diversified Group Inc.* 806 F.2d at 1277.

"An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *La. Ins. Guar. Assoc. v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (La. 1994) *(citing Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993)); *Central Louisiana Electric Co. v. Westinghouse Electric Corp.*, 579 So. 2d 981, 985 (La. 1991). The Louisiana Civil Code provides that contract interpretation "is the determination of the common intent of the parties," and that "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code arts. 2045-2046. "The parties' intent as reflected by the words in the policy determine[s] the extent of coverage." *La. Ins. Guar. Assoc.*, 630 So. 2d at 763 (*citing Trinity Industries, Inc. v. Ins. Co. Of North America*, 916 F.2d 267, 269 (5th Cir.

11

1990)).

The policy at issue states:

B. Exclusions

> 2. We will not pay for a loss caused by or resulting from any of the following:
> a. Delay, loss of use, or loss of market.

Because the policy language is clear and unambiguous, the Court grants partial summary judgment denying recovery for the market loss.

Nonetheless, Plaintiff is correct that the exclusion does not excuse Defendant ACA from all potential liability under La. R.S. §§ 22:658 and 22:1220 if he can prove that ACA's failure to adjust the claim in a timely fashion was arbitrary, capricious, and without probable cause.  These statutes, contained in the Insurance Code, regulate the insurance agency and limit insurers' rights to create certain exclusions. *Landry v. Louisiana Citizens Prop. Ins. Corp.*, 964 So. 2d 463, 470 (La. App. 3rd Cir. 2007), *aff'd in part, vacated in part Landry v. Louisiana Citizens Prop. Ins. Corp.*, 983 So. 2d 66 (La. 2008).  Defendant ACA cannot contract out of all extra-contractual liability under these provisions.  Thus, summary judgment is inappropriate to determine Defendant ACA's total extra-contractual liability because genuine issues of material fact exist as to whether ACA acted arbitrarily, capriciously, or without probable cause.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is

**GRANTED in part and DENIED in part.**

**IT IS ORDERED** that Defendant's Motion is **GRANTED** with respect to the market loss exclusion and **DENIED** with respect to the remaining claims.

New Orleans, Louisiana, this 19th day of September , 2008.

UNITED STATES DISTRICT JUDGE